IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Lance Kerstetter** | |
| **Plaintiff,** | **CIVIL ACTION – LAW** |
| **v.** | **NO.** |
| **Larry Jurcak, Con-way Truckload, Inc.,** | **JURY TRIAL DEMANDED** |
| **Defendants,** | |

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and the Court without further notice may enter a judgment against you for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCE FEE OR NO FEE.

| | |
|---|---|
| Lawyer Referral Legal Services | Northern Pennsylvania Legal Services |
| 338 N. Washington Ave., 3rd floor | 507 Linden St., 3rd Floor |
| Scranton, PA 18503 | Scranton, PA 18503 |
| 570-969-9600 | 570-342-0184 |

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Lance Kerstetter** | |
| **Plaintiff,** | **CIVIL ACTION – LAW** |
| **v.** | **NO.** |
| **Larry Jurcak, Con-way Truckload, Inc.,** | **JURY TRIAL DEMANDED** |
| **Defendants,** | |

## Complaint

**AND NOW COMES,** The Plaintiffs Lance Kerstetter, by and through their attorney, The Pisanchyn Law Firm, specifically Michael J. Pisanchyn, Jr., Esquire and Douglas A. Yazinki, Esquire, and hereby aver as follows:

1.    Plaintiff, Lance Kerstetter, is a competent adult individual residing at 316 West Sassasfras Street, Selinsgrove, PA.

2.    Defendant Larry Jurcak is a competent adult individual with last known address of 7214 Cowlin Street, Crystal Lake, IL 60014

3.    Defendant, Con-Way Truckload, Inc. is a corporation currently with a business address at 4701 E. 32nd Street, Joplin MO or PO Box 2547 E. Joplin, MO 64803 that regularly conducts business throughout Carbon, Luzerne and Lackawanna Counties.

4.    At all times material hereto, Defendant, Larry Jurcak, was an agent, servant, and/or employee of Defendant, Con-Way Truckload, Inc. and was acting within the scope of said relationship.

5.    On or about August 18, 2015, Defendant, Larry Jurcak, was the operator of a tractor trailer owned and/or insured by Defendant, Transport Corporation of America, Inc.

6.    On the aforesaid date, Plaintiff was the driver of a 2016 Toyota Corolla with an Ohio registration of GLT6258 .

7    On the aforesaid date and time, Defendant Larry Jurcak, did not maintain control of his vehicle and travelled into Plaintiff's lane.

8.     On the aforesaid date and time, Plaintiff, Lance Kerstetter, was traveling on Interstate 80 West when Defendant, Larry Jurcak, traversed the Tractor-Trailer into Plaintiff's lane of travel forcing him off the road, into a bridge abutment, causing the vehicle to overturn multiple times.

9.     When Defendants operated their vehicles in such a negligent, outrageous, wanton, reckless and careless manner that they caused Plaintiff to sustain such injuries as are hereinafter more fully described.

10.    As a result of the aforesaid accident, Plaintiff, Lance Kerstetter, sustained injuries including but not limited to his head, shoulder, neck, chest, lungs, and ribs.

11.    As a result of the aforesaid accident, Plaintiff, Lance Kerstetter, has been forced to undergo extensive medical treatment, including but not limited to, medical exams, inpatient care in the trauma/neurology unit, diagnostic and other procedures, and will/may be forced to undergo medical treatment for an undetermined time in the future.

12.    As a result of the aforesaid accident and injuries sustained, Plaintiff, Lance Kerstetter, has expended, yet expend and will/may expend for an indefinite time in the future various and substantial sums of money for the medicine and medical attention in and about endeavoring to treat and cure Plaintiff, Lance Kerstetter, of his injuries all to his great financial loss and damage.

13.    As a result of the aforesaid accident and injuries sustained, Plaintiff, Lance Kerstetter, has suffered wage loss and will suffer wage loss for an indefinite time in the future.

**COUNT I**
**NEGLIGENCE**
**Lance Kerstetter v. Larry Jurcak, and Con-way Truckload, Inc.,**

14.    Plaintiff incorporates herein by reference the averments contained in Paragraphs one (1) through fourteen (14) as well as the entire Complaint as though the same were set forth fully herein.

15.    On August 18, 2015 and at all times relevant and material hereto, Defendants owed to Plaintiff, Lance Kerstetter, a duty to use due care under the circumstances.

16.     On August 18, 2015 and at all times relevant and material hereto,
        Defendant owed to Plaintiff, Lance Kerstetter, a duty not to place Plaintiff
        at risk of harm through their actions or inactions.

17.     On August 18, 2015 and at all times relevant and material hereto,
        Defendant, Larry Jurcak owed to Plaintiff, Lance Kerstetter, a duty to have
        the Tractor Trailer under such control that it could have been stopped
        before doing injury to any person, including Plaintiff, Lance Kerstetter.

18.     On August 18, 2015, and at all times relevant and material hereto
        Defendant, Con-Way Truckload, Inc., owed to Plaintiff, Lance Kerstetter,
        a duty to only allow a person who was competent to drive and/or have
        access and control of the Tractor Trailer which caused the incident.

19.     On August 18, 2015, and at all times relevant and material hereto
        Defendant, Con-Way Truckload, Inc., owed to Plaintiff, Lance Kerstetter,
        a duty including but not limited to giving keys to a person who was
        competent to operate the vehicle.

20.     On August 18, 2015, and at all times relevant and material hereto
        Defendant, Con-Way Truckload, Inc., owed to Plaintiff, Lance Kerstetter,
        a duty including but not limited to giving keys to a person who was
        competent not to cause Defendant's vehicle to strike Plaintiff's vehicle.

21.     On August 18, 2015, and at all times relevant and material hereto
        Defendant, Con-Way Truckload, Inc., owed to Plaintiff, Lance Kerstetter,
        a duty to only allow access to his vehicle to drivers who would not create
        an unreasonable risk of harm to others such as the Plaintiff.

22.     On August 18, 2015, and at all times relevant and material hereto
        Defendant, Con-Way Truckload, Inc., owed to Plaintiff, Lance Kerstetter,
        a duty not to provide unfettered access to its vehicle to a driver despite the
        driver's known history or irresponsible behavior with the vehicle.

23.     On August 18, 2015, and at all times relevant and material hereto
        Defendant, Con-Way Truckload, Inc., owed to Plaintiff, Lance Kerstetter,
        a duty not to provide access to its vehicle to a driver who could
        foreseeably become incompetent to drive.

24.     On August 18, 2015 and at all times relevant and material hereto,
        Defendant owed to Plaintiff, Lance Kerstetter, a duty to maintain his lane
        of traffic.

25.     On August 18, 2015 and at all times relevant and material hereto,
        Defendant owed to Plaintiff, Lance Kerstetter, a duty to drive a safe and
        appropriate rate of speed.

26.     Defendants through their actions and/or inactions breached its duties to Plaintiff.

27.     The August 18, 2015 collision referred to above was directly and proximately caused by the negligence, and carelessness of Defendant.

28.     On August 18, 2015 and at all times relevant and material hereto, Defendant owed to Plaintiff, Lance Kerstetter, a duty to operate Defendant's vehicle in accordance with the rules of the road, and the laws of the Commonwealth of Pennsylvania, including but not limited to, the Pennsylvania Motor Vehicle Code, 75 Pa. C.S.A. §101 et seq., and Federal Motor Vehicle Carrier Regulations.

29.     On August 18, 2015, and at all times relevant and material hereto, Defendant owed to Plaintiff a duty pursuant to 75 Pa. C.S.A. § 3309 which provides that the driver of the vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety.

30.     On August 18, 2015 and at all times relevant and material hereto, Defendant owed to Plaintiff, Lance Kerstetter a duty pursuant to 75 Pa. C.S.A. §3361 that no person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions.

31.     On August 18, 2015 and at all times relevant and material hereto, Defendant owed to Plaintiff, Lance Kerstetter a duty pursuant to 75 Pa. C.S.A. §3714 not to drive with careless disregard for the safety of persons or property.

32.     On August 18, 2015 and at all times relevant and material hereto, Defendant owed to Plaintiff, Lance Kerstetter a duty pursuant to 75 Pa. C.S.A. §3736 not to drive any vehicle in willful or wanton disregard for the safety of persons or property.

33.     On August 18, 2015 and at all times relevant and material hereto, Defendant owed to Plaintiff, Lance Kerstetter a duty pursuant to 75 Pa. C.S.A. §3305 not to drive any vehicle in willful or wanton disregard for the safety of persons or property.

34.     The aforesaid accident was due solely to the negligent conduct, reckless, careless conduct of Defendants and/or in no way due to any negligent act or failure to act on the part of the Plaintiff.

35.  The negligent conduct, reckless and/or careless conduct of Defendants, Larry Jurcak, consisted of the following:

    a.  Being inattentive and failing to maintain a sharp lookout of the road and the surrounding conditions;

    b.  Failing to observe that care and caution were required under the circumstances;

    c.  Placing Plaintiff, Lance Kerstetter, at risk of harm through Defendant's actions or inactions;

    d.  Failing to be continuously alert;

    e.  Failing to keep the roadway open;

    f.  Operating Defendant's vehicle in disregard for the rules of the road, the ordinances County of Carbon and the laws of the Commonwealth of Pennsylvania Motor Vehicle Code, 75 Pa. C.S.A. §101 et seq., which conduct constitutes negligence per se;

    g.  Failing to abide by the requirements of 75 Pa. C.S.A. §3361;

    h.  Failing to abide by the requirements of 75 Pa. C.S.A. §3714;

    i.  Failing to abide by the requirements of 75 Pa. C.S.A. §3736;

    j.  Failing to abide by the requirements of 75 Pa. C.S.A. §3305;

    k.  Failure to properly observe the roadway;

    l.  Failure to maintain adequate control over the vehicle;

    m.  Failure to abide by any duty owed to Plaintiff, Lance Kerstetter, as set forth in paragraphs 21-40 as well as the whole Complaint.

    n.  Failing to exercise the high degree of care required of a motorist operating a vehicle;

    o.  Failing to take proper precautions in the operation of the vehicle so as to avoid the crash complained of herein;

    p.  Violation the applicable rules, regulations, and laws, pertaining to the safe and proper operation of motor vehicles; and

q. Carelessly driving the vehicle.

36. As a result of the above-stated acts and omissions, Plaintiff, Lance Kerstetter, has suffered such harm as has been previously stated herein, including but not limited to serious bodily injury.

37. As a result of the aforesaid accident and injuries sustained, Plaintiff was rendered temporarily totally disabled and is  permanently partially disabled.

38. As a result of the aforesaid accident and injuries sustained, Plaintiff has suffered, yet suffers and will/may continue to suffer a loss of earnings and impairment of their earning capacity and power all of which do or may exceed the sum recoverable pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa CSA §1701 et seq.

39. As a result of the aforesaid accident and injuries sustained, Plaintiff has been, yet is and will/may for an indefinite time in the future be unable to go about their usual and daily occupations and routines.

40. As a result of the aforesaid accident and injuries sustained, Plaintiff has been, yet is and will/may for an indefinite time in the future be forced to forego the pleasures of life.

41. As a result of the aforesaid accident and injuries sustained, Plaintiff has suffered, yet suffers and will/may for an indefinite time in the future physical pain, mental anguish and humiliation.

42. As a result of the aforesaid accident and injuries sustained, Plaintiff has been forced to undergo hospitalization and medical treatment and will/may be forced to undergo hospitalization and medical treatment at an undetermined time in the future.

43. As a result of the aforesaid accident and injuries sustained, Plaintiff has expended, yet expends and will/may for an indefinite time in the future expend various and substantial sums of money for the medicine and medical attention in and above endeavoring to treat and cure themselves of their injuries all to their great financial loss and damage.

**WHEREFORE**, Plaintiff, Lance Kerstetter, respectfully requests that judgment be entered in his favor and against Defendant, Larry Jurcak and Con-Way Truckload, Inc., for compensatory damages in an amount of excess of $75,000.00, exclusive of interest and costs.

## COUNT II
## NEGLIGENCE

**Lance Kerstetter v. Larry Jurcak and Con-Way Truckload, Inc.**

44.   Plaintiff incorporates herein by reference the averments contained in Paragraphs one (1) through forty-four (44) as well as the entire Complaint as though the same were set forth fully herein.

45.   As a direct and proximate result of the negligence, carelessness and recklessness of Defendant, Plaintiff, Lance Kerstetter, has suffered physical pain, discomfort, mental anguish, and he will continue to endure the same for an indefinite period of time in the future, to his physical, emotional, and financial detriment and loss.

46.   As a direct and proximate result of the negligence, carelessness and recklessness of Defendant, Plaintiff, Lance Kerstetter, has suffered significant, substantial and/or severe scarring, and/or loss of life's pleasures, and will continue to suffer the same in the future, to his detriment and loss.

47.   As a direct and proximate result of the negligence, carelessness and recklessness of Defendant, Plaintiff, Lance Kerstetter, has been, and will in the future be, hindered from attending to his daily duties and chores, to his detriment and loss.

48.   On August 18, 2015, and at all times relevant and material hereto, Defendant owed to Plaintiff, Lance Kerstetter, a duty to use due care under the circumstances.

49.   On August 18, 2015, and at all times relevant and material hereto, Defendant owed to Plaintiff, Lance Kerstetter, a duty not to place Plaintiff at risk of harm through his actions or inactions.

50.   On August 18, 2015, and at all times relevant and material hereto, Defendant owed to Plaintiff, Lance Kerstetter, a duty to operate the vehicle in accordance with the rules of the road; the ordinances of Susquehanna County, the laws of the Commonwealth of Pennsylvania including the Pennsylvania Motor Vehicle Code, 75 Pa. C.S.A. § 101 et. seq., and Federal Statutes, Regulations including but not limited to, The Federal Motor Carrier Safety Administrations Rules and Regulations.

51.   On August 18, 2015, and at all times relevant and material hereto, Defendant owed to Plaintiff, Lance Kerstetter, a duty to have its vehicles inspected and/or repaired so as defects of the vehicle and/or vehicle components would be reasonably discovered and fixed.

52.   On August 18, 2015, and at all times relevant and material hereto, Defendant owed to Plaintiff, Lance Kerstetter, a duty to notice if a component of the vehicle was not functioning properly and to safely pull

off the roadway so as to not cause an unreasonable dangerous condition to other drivers on the roadway.

53. On August 18, 2015 and at all times relevant and material hereto, Defendant owed to Plaintiff, Lance Kerstetter, a duty pursuant to 75 Pa. C.S.A. §3306.

54. On August 18, 2015, and at all times relevant and material hereto, Defendant owed to Plaintiff a duty to have adequately trained mechanic inspect/repair/work on the vehicle in a reasonable and workmanlike manner.

55. On August 18, 2015, and at all times relevant and material hereto, Defendant owed to Plaintiff a duty pursuant to 75 Pa. C.S.A. § 3309 which provides that the driver of the vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety.

56. On August 18, 2015, and at all times relevant and material hereto, Defendant owed to Plaintiff a duty pursuant to 75 Pa. C.S.A. § 3714 which provides that a person shall not drive a vehicle in careless disregard for the safety of persona or property.

57. On August 18, 2015, and at all times relevant and material hereto, Defendant owed to Plaintiff a duty pursuant to 75 Pa. C.S.A. § 3736 which provides that a person shall not drive any vehicle in willful or wanton disregard for the safety of person or property.

58. The aforesaid accident was due solely to the negligent conduct, reckless, careless conduct of Defendants, individually, vicariously, jointly and severally, Plaintiff, and/or in no way due to any negligent act or failure to act on the part of the Plaintiff.

59. Defendant, through his actions and/or inactions breached his duty to Plaintiff, Lance Kerstetter.

60. At the time of the collision, Defendant, by reason of inexperience, lack of skill and/or judgment, were not qualified to operate the vehicle in a safe and prudent manner.

61. The occurrence of the aforementioned collision and all the resultant damages to Plaintiff are the direct and proximate result of the negligence, outrageousness, carelessness and/or recklessness of Defendants, generally, and more specifically, as set forth below:

(a)     Failing to inspect the tractor/trailer in a reasonable and prudent fashion.

(b)     Failing to document the inspections of the tractor/trailer.

(c)     Being inattentive and failing to maintain a sharp lookout of the instruments and/or components in the tractor/trailer and the road and the surrounding traffic conditions;

(d)     Failing to keep alert and maintain proper watch of the roadway;

(e)     Failing to notice the Plaintiff;

(f)     Failing to operate the vehicle in accordance with the existing traffic conditions;

(g)     Failing to observe that care and caution were required under the circumstances;

(h)     Failing to exercise the high degree of care required of a motorist operating a vehicle;

(i)     Driving the vehicle in a manner endangering persons and property and in a reckless manner with careless disregard to the rights and safety of others in violation of the Pennsylvania Motor Vehicle Code;

(j)     Failure to have its vehicles and/or components therein repaired and/or inspected as to defects that would be reasonably discovered and fixed;

(k)     Failure to have appropriately inspected its vehicles and especially the vehicle involved to be sure that it was in a safe condition to drive;

(l)     Failure to have adequately trained mechanic inspect/repair/work on the vehicle in a reasonable and workman like fashion;

(m)     Failure to have discovered mechanical or electrical issues with the tractor/trailer when the Defendant knew or should have known these issues could arise;

(n)     Failing to take proper precautions in the operation of the vehicle so as to avoid the crash complained of herein;

(o)   Placing Plaintiff at risk of harm through Defendant's actions and/or inactions;

(p)   Failing to operate the vehicle in accordance with the rules of the road, the Ordinances of Carbon County, the laws of the Commonwealth of Pennsylvania, including but not limited to, the Pennsylvania Motor Vehicle Code, 75 Pa.C.S.A. § 101 et. seq., and all and any Federal Statutes and Regulations including but not limited to, The Federal Motor Carrier Safety Administrations Rules and Regulations as well as allowing the vehicle to be operated while not in accordance with these rules;

(q)   Failing to abide by the requirements of 75 Pa. C.S.A. § 3309 by moving into a lane without first ascertaining that the movement could be made with safety;

(r)   Failing to abide by the requirements of 75 Pa. C.S.A. § 3714 by driving his vehicle in careless disregard for the safety of persona or property and/or careless driving;

(s)   Failing to abide by the requirements of 75 Pa. C.S.A. § 3736 by driving their vehicle in willful or wanton disregard for the safety of persons or property and/or reckless driving;

(t)   Failing to maintain proper and adequate observation of the existing traffic conditions as required by 75 Pa. C.S.A. § 3309;

(u)   Failure to abide by 75 Pa. C.S.A. §3306(a)(2);

(v)   Failure to abide by any duty owed to Plaintiff, as set forth in paragraphs forty-nine (49) through fifty-nine (59) as well as the whole complaint;

(w)   Failure to follow Co-Defendants' policies and procedures;

(x)   Failure to operate the vehicle in the proper lane of travel;

(y)   Failure to notice if a component of the truck was not functioning properly;

(z)   Failure of the Defendant to keep and not "destroy" the "black box" and or "data from the black box" and or logs of the driver and or other information concerning this incident such as, but not limited to pictures.

62.    As a result of the above-stated facts and omissions, Plaintiff, Lance Kerstetter, has suffered such harm as has been previously stated herein, including but not limited to serious bodily injury.

63.    As a result of the aforesaid accident and injuries sustained, Plaintiff, Lance Kerstetter, has suffered, yet suffers and will/may continue to suffer a loss of earnings and impairment of their earning capacity and power, all of which do or may exceed the sum recoverable pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et. seq.

64.    As a result of the aforesaid accident and injuries sustained, Plaintiff, Lance Kerstetter, has incurred, yet incurs and will/may incur various costs and expenses, all of which do or may exceed the sums recoverable pursuant to Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et. seq.

65.    As a result of the aforesaid accident and injuries sustained, Plaintiff, Lance Kerstetter, has been, yet is and will/may for an indefinite time in the future be unable to go about her usual and daily occupations and routines.

66.    As a result of the aforesaid accident and injuries sustained, Plaintiff, Lance Kerstetter, has been, yet is and will/may for an indefinite time in the future be forced to forego the pleasures of life.

67.    As a result of the aforesaid accident and injuries sustained, Plaintiff, Lance Kerstetter, has suffered, yet suffer and will/may for an indefinite time in the future suffer physical pain, mental anguish, scarring and humiliation.

68.    As a result of the aforesaid accident and injuries sustained, Plaintiff, Lance Kerstetter, has been forced to undergo hospitalization and/or medical treatment and will/may be forced to undergo hospitalization and/or medical treatment at an undetermined time in the future.

69.    As a result of the aforesaid accident and injuries sustained, Plaintiff, Lance Kerstetter, has been forced to expend, yet expend and will/may for an indefinite time in the future expend various and substantial sums of money for the medicine and medical attention in and above endeavoring to treat and cure himself of his injuries all to his great financial loss and damage.

**WHEREFORE**, Plaintiff, Lance Kerstetter, prays this Honorable Court grant judgment in his favor and against the Defendant, in a sum in excess of Seventy Five Thousand ($75,000.00) Dollars to each of them together with compensatory damages, punitive damages, interest, cost of suit and such other relief as this Honorable Court deems just and proper.

Respectfully submitted,
**PISANCHYN LAW FIRM**

By: _____
Michael J.Pisanchyn, Jr., Esquire
I.D. 87542
524 Spruce Street
Scranton, PA 18503
(570) 344-1234

By: _____
Douglas A. Yazinski, Esquire
I.D. 203644
524 Spruce Street
Scranton, PA 18503
(570) 344-1234
Attorneys for Plaintiffs